

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00150-CR

BRANDON JOREL SCOTT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28958

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Brandon Jorel Scott pled guilty to the fraudulent use or possession of identifying information.[1] Pursuant to a plea bargain with the State, Scott was sentenced to five years' imprisonment.[2] The trial court certified that this was a plea-bargain case and that Scott had no right of appeal; nonetheless, Scott, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case because of Scott's plea bargain with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)   . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)   those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)   after getting the trial court's permission to appeal, or
> >
> > (C)   where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Scott met any of these requirements. To the contrary, the trial court's certification of Scott's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of

---

[1]TEX. PENAL CODE ANN. § 32.51(c)(2) (Supp.).

[2]In conjunction with the plea agreement, Scott waived his right of appeal.

Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

We informed Scott of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Scott did not respond to our letter.

Because Scott has no right of appeal as a result of his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     October 3, 2023
Date Decided:       October 4, 2023

Do Not Publish

3